**NATIONAL LOCK CO. v. THOMPSON et al.** *

No. 5919.

Circuit Court of Appeals, Seventh Circuit.

Nov. 12, 1936.

See, also, In re National Lock Co. (D. C.) 9 F.Supp. 432.

Roy F. Hall and W. R. Dusher, both of Rockford, Ill., for National Lock Co.

Floyd E. Thompson, Henry J. Brandt, and Edgar J. Schoen, all of Chicago, Ill., and Karl C. Williams, of Rockford, Ill., pro sese.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

Appellant, a reorganized debtor corporation, by its counsel, Hall, sought to enjoin appellees, four attorneys, from continuing to represent it in a suit theretofore filed in its name and behalf against certain of its officers and directors for the purpose of recovering certain sums of money said to have been loaned and advanced to them by it. Upon appellees' motion, the court dismissed the suit for lack of jurisdictional amount and for want of equity, and denied the restraining order or preliminary injunction which appellant had prayed. It is from this decree that the appeal is prosecuted.

The controversy arises over the right to proceed with a suit which certain stockholders of appellant had asked leave to institute during the period when reorganization proceedings were in progress. On February 26, 1935, the court which had

*Writ of certiorari denied 57 S. Ct. 508, 81 L. Ed. —.

jurisdiction over those proceedings entered the following order:

"This matter coming on to be heard * * * on the petition of * * * stockholders of the Debtor * * * for leave to institute and prosecute certain actions at law or in equity on behalf of the Debtor, and there being present in court said petitioning stockholders, by their attorneys of record herein, the Debtor, by its attorneys of record, the Bondholders' Protective Committee by its attorneys, Joseph Edidin, by his attorney, Gust Anderson and other stockholders, by their attorney * * * It is Ordered, Adjudged and Decreed:

"I. That * * * (appellees) representing the petitioners herein, be and they are hereby authorized to institute and prosecute to conclusion, in the name of the Debtor any and all actions at law or in equity * * * directed toward the recovery for and on behalf of the Debtor of moneys claimed to be due and owing from the officers or directors of the Debtor holding office subsequent to January 1, 1929, by reason of loans or advances of the Debtor's funds to officers or directors of the Debtor and others; and also any and all actions at law or in equity * * * directed toward the recovery of moneys for and on behalf of the Debtor for anyone whomsoever by reason of claimed mismanagement, misappropriation of funds of and frauds upon the Debtor.

"II. That the Debtor, its officers and agents, are hereby directed to make available, when and as requested so to do, to said attorneys all and any books, records, papers and documents of the Debtor deemed by said Floyd E. Thompson to be necessary to the commencement of any prosecution to conclusion of any such litigation.

"III. No compromise, adjustment or settlement of said claims shall be made without the approval of the Court in which such suits are pending, nor shall such claims be compromised, adjusted or settled before the institution of such suits.

"IV. That said attorneys shall be entitled to have and to receive fees contingent upon recovery in a sum to be determined by the Court in which such suits are pending to be fair and equitable.

"V. That said attorneys shall take no action pursuant to the terms of this order which shall in any way impede or hinder pending negotiations for the adoption of a plan of reorganization herein agreeable to all parties hereto."

Subsequently, on July 12, 1935, a final decree was entered in the reorganization proceedings, confirming a modified plan which referred as follows to the suit here sought to be enjoined:

"This plan of reorganization makes no provision for the institution of suits against officers, directors and others and the final decree of this court shall in no wise estop or prejudice the debtor from bringing and prosecuting the suit or suits against officers, directors and others authorized in the order of this court, dated February 26, 1935."

Thereafter, on November 1, 1935, appellees instituted the suit in equity contemplated by the orders of February 26, and July 12. The defendants moved to dismiss the suit on the ground that it was filed without authority of the plaintiff. The Court overruled their motion on January 31, 1936, stating that the order of February 26, 1935, entered in the reorganization proceeding before him, was a part of the plan of reorganization of the debtor, and was preserved and continued in full force and effect by the plan of reorganization, the order confirming that plan, and the final decree entered in the reorganization proceedings.

Appellant's board of directors then met and passed resolutions to the effect that it had not authorized or consented to the beginning of the suit in its name, that appellees did not in fact represent the corporation, and that it was fully capable of settling its own affairs and planned to adjust the problems involved in the suit without resort to litigation, in such a way that it would return to the corporation all that was owed by its president without expense to the corporation. It further authorized its regular counsel to appear for it in the suit then started and present its resolutions to the court, and to take every means possible to defeat the prosecution of the suit until the board of directors had shown that it was incapable of adjusting the debt or conducting the affairs of the corporation. In compliance with these instructions, Hall filed a motion in the suit against the officers and directors to dismiss on the ground that attorneys representing the plaintiff did not represent it, and filed the suit at bar to enjoin that suit. The motion was stricken from the record for the reason that Hall

did not represent the National Lock Company in that cause.

█ The foregoing statement demonstrates that the proceeding now sought to be enjoined has twice been challenged by direct attack, first by motion to dismiss filed by the defendants, and later by motion to dismiss filed by another attorney purporting to act for the plaintiff. Adverse rulings were had on both motions, whereupon the latter attorney, acting in the name of the plaintiff, filed the separate suit to accomplish the same purpose. Again he obtained an adverse ruling, the basis of this appeal. Argument was advanced before this court as to whether or not the necessary jurisdictional amount was involved, whether the suit was ancillary or independent, what construction should be given the final decree in the reorganization proceedings, and the law relating to the management of corporations. We think it is unnecessary to discuss those questions. It is clear that the principal issue, the authority of appellees to represent the corporation, has been fully presented to the trial court in the principal suit, and that that court has twice ruled on the question, which was properly raised in that suit rather than in a separate proceeding. See Pueblo of Santa Rosa v. Fall, 273 U.S. 315, 47 S.Ct. 361, 71 L.Ed. 658, and Bonnifield v. Thorp (D.C.) 71 F. 924. That being the case, appellant is not entitled to maintain the present suit, and it follows that the proceeding was properly dismissed.

Decree affirmed.